J-S24037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RACHEL E. FALLAT, | : | |
| | : | |
| Appellant | : | No. 1642 MDA 2017 |

Appeal from the PCRA Order October 5, 2017
in the Court of Common Pleas of Columbia County,
Criminal Division at No(s):  CP-19-CR-0000042-2015

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 21, 2018**

Rachel E. Fallat ("Fallat") appeals from the Order denying her first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On the morning of December 24, 2014, Fallat stabbed her adult son, Mark Anthony Goodson ("Goodson"), in the chest with a kitchen knife at her home.  Goodson was found bleeding outside of the home by a passerby and was taken to the hospital for serious injuries, including a collapsed lung.  Fallat initially denied involvement, telling the police that Goodson had injured himself with a broken plate.  Goodson informed police that Fallat had stabbed him during an argument.

Fallat was charged with attempted homicide, aggravated assault, and simple assault.  On March 4, 2016, Fallat entered a guilty plea to aggravated

assault.[1]  On March 11, 2016, the trial court sentenced Fallat to 48-120 months in prison.[2]  Fallat did not file a direct appeal.

In February 2017, Fallat, *pro se*, filed a timely PCRA Petition.  The PCRA court appointed counsel, who filed an amended Petition.  The PCRA court denied the Petition following a hearing.  Fallat filed a timely Notice of Appeal, and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Fallat raises the following claims for our review:

A. Whether the [PCRA] court erred in denying [Fallat's] PCRA Petition for ineffective [assistance] of counsel when trial counsel failed to provide [Fallat] with full discovery[,] thereby precluding her from making a knowing and voluntary guilty plea[?]

B. Whether the PCRA court erred in denying [Fallat's] PCRA Petition for ineffective assistance of counsel when trial counsel failed to ascertain that the alleged victim was not willing to testify against [Fallat] at trial[,] thereby precluding her from making a knowing and voluntary guilty plea[?]

C. Whether the PCRA court erred in denying [Fallat's] PCRA Petition for ineffective [assistance] of counsel[,] when trial counsel failed to challenge the sufficiency of the evidence against [Fallat,] thereby precluding her from making a knowing and voluntary guilty plea[?]

D. Whether the PCRA court erred in denying [Fallat's] PCRA Petition for ineffective assistance of counsel when trial counsel

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] On January 15, 2015, Fallat's parole for driving under the influence (third offense) was revoked.  Fallat was sentenced to 12-36 months in prison.  The instant sentence was imposed concurrently to the parole-revocation sentence.

failed to obtain a mental health evaluation which would have [shown that Fallat] suffers from battered [woman] syndrome[,] thereby precluding her from making a knowing and voluntary guilty plea[?]

E. Whether the PCRA court erred in denying [Fallat's] PCRA Petition for ineffective assistance of counsel[,] when trial counsel failed to pursue a self-defense claim[,] despite the fact that [Fallat] suffered broken ribs as the result of the attack by the alleged victim[,] thereby precluding her from making a knowing and voluntary guilty plea[?]

F. Whether the PCRA court erred in denying [Fallat's] PCRA Petition for ineffective [assistance] of counsel[,] when trial counsel refused to meet with [Fallat] for an adequate amount of time given the seriousness of the allegations[,] thereby precluding her from making a [knowing] and voluntary guilty plea[?]

Brief for Appellant at 3-4 (some capitalization omitted).[3]

The applicable standard of review regarding the denial of a PCRA petition is as follows:

Our standard of review of a PCRA court's denial of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

_____

[3] Because all of Fallat's arguments challenge the ineffective assistance of counsel regarding the voluntariness of her guilty plea, we will address them together.

- 3 -

Fallat contends that she entered an unknowing and involuntary guilty plea due to ineffective assistance of counsel. Brief for Appellant at 7-10. Fallat argues that her trial counsel's ineffectiveness for failing to present all of the discovery, including photos of the injuries sustained by Fallat, which would have been relevant to a self-defense claim, rendered her plea involuntarily entered. *Id.* at 8; *see also id.* at 9 (arguing that trial counsel was ineffective for failing to pursue a justification defense despite the fact that she suffered broken ribs). Fallat also argues that trial counsel was ineffective for failing to obtain a psychological evaluation, which would have aided in her defense, and prevented her from entering a knowing and voluntary guilty plea. *Id.* at 9. Fallat further asserts that trial counsel was ineffective for failing to inform Fallat that the victim was unwilling to testify against her at trial, which would have impacted her plea decision. *Id.* at 8-9. Fallat additionally claims that trial counsel was ineffective for failing to file a motion to suppress the evidence. *Id.* at 9. Lastly, Fallat asserts that trial counsel was ineffective for meeting with her for "an hour tops" for the whole case, and that this showed her lack of access to an attorney, which precluded her from making a knowing and voluntary guilty plea. *Id.* at 10.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the

petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Franklin*, 990 A.2d at 797 (citations omitted).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa. Super. 2006) (citation omitted). Instead, the defendant must show that counsel's deficient stewardship resulted in the entry of an unknowing, involuntary, or unintelligent plea. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). "This is similar to the manifest injustice standard applicable to all post-sentence attempts to withdraw a guilty plea." *Commonwealth v. Lewis*, 708 A.2d 497, 500 (Pa. Super. 1998) (internal quotation marks omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1. Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2. Is there a factual basis for the plea?

3. Does the defendant understand that he or she has the right to a trial by jury?

4. Does the defendant understand that he or she is presumed not guilty until found guilty?

5. Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6. Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

***Bedell***, 954 A.2d at 1212; ***see also*** Pa.R.Crim.P. 590, cmt. "The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." ***Lewis***, 708 A.2d at 501. "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa. Super. 1999) (citation and internal brackets omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." ***Commonwealth v. Flanagan***, 854 A.2d 489, 513 (Pa. 2004) (citation and internal quotation marks omitted). Furthermore, the oral colloquy may be supplemented by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. ***Commonwealth v. Morrison***, 878 A.2d 102, 108 (Pa. Super. 2005).

In her colloquy, Fallat stated that she was not under the influence of any drugs or alcohol at the time of the colloquy, and that she was not threatened, pressured or promised anything in exchange for pleading guilty. Guilty Plea Colloquy, 3/4/16, at 2; N.T., 3/4/16, at 2-3. Fallat further

acknowledged that she had thoroughly discussed the facts and circumstances surrounding the filing of the charges against her with trial counsel, and she had a full opportunity to discuss her decision to enter a guilty plea. Guilty Plea Colloquy, 3/4/16, at 4. Fallat stated that trial counsel thoroughly explained the meaning of, and terms within, the colloquy to her. *Id.* Fallat indicated that it was her decision to plead guilty, and when asked why she wished to plead guilty, Fallat hand-wrote "I was wrong in my actions and lost [my] temper." *Id.* at 3. Fallat acknowledged that she was waiving her right to a jury trial, and that she waived any possible defenses to the charges. Guilty Plea Colloquy, 3/4/16, at 3; N.T., 3/4/16, at 3-4. Fallat understood that she was presumed not guilty and that the Commonwealth has the burden to prove guilt beyond a reasonable doubt in this matter. Guilty Plea Colloquy, 3/4/16, at 2. Fallat also acknowledged that she was aware of the permissible range of sentences. *Id.* Fallat understood that the court was not bound by the plea agreement unless the judge accepts the agreement. *Id.* Fallat also stated that she was satisfied with the representation and advice of her attorney. Guilty Plea Colloquy, 3/4/16, at 4; N.T., 3/4/16, at 7.

During the PCRA hearing, trial counsel testified that he had discussed with Fallat the possibility of a self-defense claim, but noted that Fallat had made three conflicting statements about the incident. N.T., 10/26/17, at 14-16. Trial counsel testified that he reviewed the guilty plea colloquy and all of the questions in it with Fallat, and that Fallat willingly and knowingly

entered the plea. *Id.* at 21-22. Trial counsel acknowledged that Goodson was reluctant to testify, but that he would proceed so that his mother would get help. *Id.* at 16, 27. Trial counsel also stated that he knew Fallat previously and that she was cooperative with counsel and did not give any indication that psychiatric issues affected the entry of the plea. *Id.* at 18. Trial counsel stated that Fallat did not indicate that there was an ongoing issue with her son, and that there did not seem to be grounds for battered wife syndrome because this was not a spousal incident. *Id.*

Based on the totality of the circumstances, we conclude that Fallat knowingly and voluntarily entered her guilty plea. *See Commonwealth v. Munson*, 615 A.2d 343, 349 (Pa. Super. 1992) (stating that appellant's guilty plea was entered voluntarily where a full and complete guilty plea colloquy was conducted); *see also Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (stating that appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty). Fallat does not contest that she read and fully understood the implications of her guilty plea, including waiving all defenses. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy"); *see also Muhammad*, 794 A.2d at 384 (stating that appellant voluntarily entered a guilty plea where he read the guilty plea colloquy and understood the basic tenets of the guilty plea).

Because Fallat voluntarily and knowingly entered her guilty plea, and stated that she was satisfied with her counsel, her ineffectiveness claims lack arguable merit. ***See McCauley***, 797 A.2d at 922. Thus, the PCRA court properly denied the PCRA Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/21/2018